NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON McCORD PATTEN, ) | No. C 11-02057 JF (PR) |
| ) | |
| Plaintiff, ) | ORDER OF DISMISSAL WITH |
| ) | LEAVE TO AMEND; DENYING |
| vs. ) | MOTION FOR RECONSIDERATION |
| ) | |
| ) | |
| GOV. JERRY BROWN, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | (Docket No. 13) |

    Plaintiff, a California prisoner incarcerated at the Avenal State Prison ("ASP"), filed the instant civil rights action in pro se pursuant to 42 U.S.C. § 1983 against prison officials at several different prisons for unconstitutional acts. Plaintiff's motion for leave to proceed in forma pauperis will be granted in a separate written order.

## DISCUSSION

**A.** **Standard of Review**

    A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify

any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. <u>See</u> <u>id.</u> § 1915A(b)(1),(2). <u>Pro</u> <u>se</u> pleadings must, however, be liberally construed. <u>See</u> <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. <u>See</u> <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).

**B.      Plaintiff's Claims**

Plaintiff's complaint contains allegations against prison officials at three state prisons: San Quentin State Prison ("SQSP") in Marin County, Chuckawalla Valley State Prison ("CVSP") in Riverside County, and Avenal State Prison ("ASP") in Fresno County. (Compl. 4.) Plaintiff also alludes to "brief incidence[s]" at North Kern State Prison ("NKSP") in Kern County and Chino - Correctional Institute for Men ("CIM") in San Bernardino County. (<u>Id.</u>) Only SQSP lies within the jurisdiction of this Court. <u>See</u> 28 U.S.C. § 84(a). The acts complained of against prison officials at CVSP and CIM occurred in Riverside County and San Bernardino County, respectively, which lie within the venue of the Eastern Division of the Central District of California, <u>see</u> 28 U.S.C. § 84(c)(1); accordingly, venue for those claims properly lies in that district and not in this one. <u>See</u> 28 U.S.C. § 1391(b). Similarly, the acts complained of against prison officials in ASP and NKSP occurred in Fresno County and Kern County, respectively, which lie within the venue of the Eastern District of California, <u>see</u> 28 U.S.C. § 84(b); accordingly, venue for those claims properly lies in that district and not in this one. <u>See</u> 28 U.S.C. § 1391(b). Accordingly, such claims are DISMISSED without prejudice to filing in the appropriate district courts. <u>See</u> 28 U.S. C. § 1406(a).

With respect to the claims arising from events that occurred at SQSP, Plaintiff alleges several violations of his constitutional rights during his incarceration from August

Order of Dismissal with Leave to Amend
P:\PRO-SE\SJ.JF\CR.11\02057Patten_dwlta.wpd                      2

21, 2008 through April 2, 2009. (Compl. 9-12.) The Court addresses each of these claims below.

### 1. **Eighth Amendment**

Plaintiff claims that "Defendants['] acts and/or omissions exhibited deliberate indifference to [P]laintiff's serious medical/dental needs." (Id. at 30.) Plaintiff alleges generally that Defendants were aware that he was pain and in need of dental treatment but that they "denied and/or unreasonably delayed dental treatment." (Id.) Although Plaintiff lists Defendants by name, (id. at 7), he does not allege facts as to each Defendants' actions that resulted in harm.

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); Jones v. Johnson, 781 F.2d 769, 771 (9th Cir. 1986). Serious medical needs may include dental health care. See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989) (dental care important medical need of inmates). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. See McGuckin, 974 F.2d at 1059. Accordingly, Plaintiff's allegations with respect to deficient dental care may be cognizable as an Eighth Amendment claim. However, this claim is nevertheless deficient because Plaintiff fails to show how each individual Defendant's response to that need was inadequate.

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally

required to do, that causes the deprivation of which the plaintiff complains. See Leer, 844 F.2d at 633. The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. See Leer, 844 F.2d at 633 (citations omitted). Plaintiff must "set forth specific facts as to each individual defendant's" actions which violated his rights. Leer, 844 F.2d at 634. At the pleading stage, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). Accordingly, this claim is DISMISSED with leave to amend.

### 2. Access to Courts

Plaintiff claims that Defendants violated his right "of reasonable access to the Courts... by their acts and/or omissions in denying [P]laintiff meaningful access to legal research material (law-library)." (Compl. 32.) Plaintiff claims that during his entire time at SQSP, he was denied "any and all access to legal-research material." (Id.)

Prisoners have a constitutional right of access to the courts. See Lewis v. Casey, 518 U.S. 343, 350 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977).[1] To establish a claim for any violation of the right of access to the courts, the prisoner must prove that there was an inadequacy in the prison's legal access program that caused him an actual

---

[1] The constitutional source of the right of access to the courts is not settled. See Christopher v. Harbury, 536 U.S. 403, 413-14 & 415 n.12 (2002); Lewis v. Casey, 518 U.S. 343, 366-67 (1996) (Thomas, J., concurring). Supreme Court decisions have grounded the right in the Article IV Privileges and Immunities Clause, the First Amendment Petition Clause, the Fifth Amendment Due Process Clause, and the Fourteenth Amendment Equal Protection and Due Process Clauses. Christopher, 536 U.S. at 415 n.12 (citing cases). The Ninth Circuit also has found various constitutional sources for the right. See, e.g., Cornett v. Donovan, 51 F.3d 894, 897 (9th Cir. 1995) (right grounded in due process and equal protection clauses); Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995) (use of prison grievance procedure protected by prisoner's right to meaningful access to courts along with broader right to petition government for redress of grievances); see also Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989) (nonprisoner case finding right of access to courts subsumed under 1st Amendment).

injury. See Lewis, 518 U.S. at 350-55. To prove an actual injury, the prisoner must show that the inadequacy in the prison's program hindered his efforts to pursue a non-frivolous claim concerning his conviction or conditions of confinement. See id. at 354-55.

Again Plaintiff's allegations are insufficient to show individualized acts of wrongdoing by the named Defendants. See Leer, 844 F.2d at 633-34. Furthermore, he fails to sufficiently plead actual injury. Plaintiff alleges that he "has suffered and will continue to suffer irreparable harm including, but not limited to, over one-year of loss of pre-sentence credit/time (i.e., over a year of additional incarceration), multiple incidence of properly loss, emotional distress, mental distress, and other damages yet to be realized." (Compl. at 34.) However, these accusations are generalized and fail to identify the non-frivolous claims he was hindered from pursuing. Accordingly, this access to courts claim is DISMISSED with leave to amend.

### 3. Exercise of Religion

Plaintiff claims that he was "completely denied access to any and all types of Religious Services while at [SQSP]." (Compl. at 9.) Plaintiff claims that he has "repeatedly and consistantly [sic] been denied reasonable time and space in a chapel (or quiet sanctuary/place) for Meditation practice/services, etc.." (Id. at 35.)

In order to establish a free exercise violation, a prisoner must show a defendant burdened the practice of his religion without any justification reasonably related to legitimate penological interests. See Shakur v. Schriro, 514 F.3d 878, 883-84 (9th Cir. 2008). The prisoner must show that the religious practice at issue satisfies two criteria: (1) the proffered belief must be sincerely held and (2) the claim must be rooted in religious belief, not in purely secular philosophical concerns. Malik v. Brown, 16 F.3d 330, 333 (9th Cir. 1994) (cited with approval in Shakur, 514 F.3d at 884).

Here, Plaintiff fails to state a claim of a free exercise violation because he fails to plead either of the two criteria under Malik. Id. First of all, he fails to identify the religious "belief" which he practices, *e.g.*, Catholicism or Islam; he cannot be both. Furthermore, he fails to show that access to a "quiet sanctuary" is "rooted" in that

particular religious belief such that Defendants' denial of access to such a place burdened the practice of his religion. Accordingly, this claim is DISMISSED with leave to amend.

### 4. Strip Search

Plaintiff claims that he was subject to a strip search on April 2, 2009, in front of female officers by Defendant Smith. (Compl. at 12.) Specifically, he claims that he was ordered to "strip butt-naked, turn around, bend-over and cough, etc.," in the presence of female staff. (Id.) Plaintiff claims he was subjected to this strip search in retaliation for filing grievances prison officials (id.), and that there was "no penological justification for forcing [him] to strip in front of the opposite sex" (id. at 37).

A cross-gender strip search that involves touching the inmate's genitalia and searching inside his anus is unreasonable as a matter of law in a non-emergency situation. Byrd v. Maricopa Cnty. Sheriff's Dep't, 629 F.3d 1135, 1142 (9th Cir. 2011) (en banc). Although a cross-gender strip search is unreasonable, that does not mean that all cross-gender searches are unreasonable, or that prisoners of one gender may not be guarded by guards of the other gender. Thus, the holding in Byrd is not inconsistent with the earlier holding in Grummett v. Rushen, 779 F.2d 491, 494 (9th Cir. 1985), that upheld a system of assigning female officers within a correctional facility such that they occasionally viewed male inmates in various states of undress and conducted routine pat-downs of fully clothed inmates. See Byrd, 629 F.3d at 1142. Assigned positions of female guards that require only infrequent and casual observation, or observation at a distance, of unclothed male prisoners and that are reasonably related to prison needs are not so degrading as to warrant court interference. See Michenfelder, 860 F.2d at 334; see also Jordan v. Gardner, 986 F.2d 1521, 1524-25 (9th Cir. 1993) (en banc) (privacy interest in freedom from cross-gender clothed body searches not "judicially recognized"). The issue is whether officers regularly or frequently observe unclothed inmates of the opposite sex without a legitimate reason for doing so. See Michenfelder, 860 F.2d at 334.

Liberally construed, this claim is cognizable under § 1983, on the issue of whether there was a legitimate reason for Plaintiff being strip-searched in front of female officers.

### 5. **Retaliation**

Plaintiff claims that Defendants acted to violate his rights in retaliation for filing numerous grievances against them. (Compl. at 39-40.) Plaintiff claims that their actions had a "'chilling effect'" on his right to file grievances and access to the courts under the First Amendment and Fourteenth Amendment. (Id. at 40) Specifically, Plaintiff claims that Officers Upshaw, Cruzen, and Wilson seized his property in retaliation, and that Officers Tobin, Perez, and Sergeant McNeil acted with intimidation and threats, forcing him to withdraw his administrative appeals on various occasions. (Id.) Liberally construed, these claims are cognizable under § 1983. See Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted); accord Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995) (prisoner suing prison officials under § 1983 for retaliation must allege that he was retaliated against for exercising his constitutional rights and that the retaliatory action did not advance legitimate penological goals, such as preserving institutional order and discipline); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam) (same); Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985) (contention that actions "arbitrary and capricious" sufficient to allege retaliation).

### 6. **Access to Administrative Appeals**

Plaintiff claims that Defendants violated his constitutional rights "when they refused to properly process plaintiff's admin-appeals... and Health-care admin. appeals" [sic]. (Compl. at 42.)

The right of meaningful access to the courts extends to established prison grievance procedures. See Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995); accord Hines v. Gomez, 853 F. Supp. 329, 331-32 (N.D. Cal. 1994). This right is subsumed under the First Amendment right to petition the government for redress of grievances, see id. at 333, and protects both the filing, see id., and content, see Bradley, 64 F.3d at 1279, of prison grievances. Regulations which punish an inmate for using "hostile, sexual, abusive or threatening" language in a written grievance, for example, are not reasonably related to penological interests and therefore violate the First Amendment. See id. at

1279-82.

Although there certainly is a right to petition the government for redress of grievances (a First Amendment right), there is no right to a response or any particular action. See Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991) ("prisoner's right to petition the government for redress ... is not compromised by the prison's refusal to entertain his grievance."). Here, Plaintiff alleges that Defendants "utilized... (screening) forms and dishonest/untrue, inaccurate, non[]sensical and/or otherwise inappropriate reasoning to screen-out or otherwise refuse to process, and/or otherwise refuse to address the meritorious issues of, [P]laintiff's [grievances]." (Compl. at 42.) In other words, Plaintiff was unsatisfied with the prison's refusal to entertain his grievance. Plaintiff was not denied his right of access to the prison's grievance procedures; on the contrary, it is obvious that he vigorously exercised this right. The fact that he disagrees with the prison officials' conclusions that his grievances presented meritless claims or did not conform to prison procedure does not give rise to a constitutional claim. See Flick, 932 F.2d at 729. Accordingly, this claim is DISMISSED with prejudice for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A(b)(1),(2).

### 7. State Claims

Plaintiff claims that the medical officials who failed to provide constitutionally adequate dental care also acted with "professional negligence," in violation of state law. However, Plaintiff fails to identify what state law this cause of action is based on. Accordingly, this claim is DISMISSED with leave to amend. Plaintiff is reminded that his allegations against each Defendants must be specific and individualized, consistent with the Court's discussion of Plaintiff's Eighth Amendment claim above. See *supra* at 3-4.

Plaintiff is also advised that a claim of medical malpractice or negligence is insufficient to make out a violation of the Eighth Amendment. See Toguchi v. Chung, 391 F.3d 1051, 1060-61 (9th Cir. 2004); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). Accordingly, any

Eighth Amendment claim based on malpractice or negligence will be dismissed for failure to state a claim.

The remainder of Plaintiff's state claims (Compl. at 46-49) are DISMISSED without prejudice for failure to state a claim. Plaintiff must identify each Defendant's actions that caused the alleged violation of state law, and provide the state cause of action with citations to the applicable state law. If Plaintiff files meritorious state claims in an amended complaint, the Court will then consider whether supplemental jurisdiction is appropriate. See United Mine Workers v. Gibbs, 383 U.S. 715 (1966)

### 8. Supervisor Liability

With respect to each cause of action discussed above, Plaintiff includes the allegation of supervisor liability. For example, with respect to his Eighth Amendment claim, Plaintiff claims that "Defendants Jerry Brown, all Wardens, chief Dental Officers, Appeals Coordinators, and relevant Doe Defendants are all responsible and liable as alleged herein for their failure to adequately train and/or supervise their subordinate(s)/employees." (Compl. at 30.) Plaintiff makes no other factual allegations against these "supervisor" defendants beyond these general statements.

A supervisor may be liable under section 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation omitted). A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). An administrator may be liable for deliberate indifference to a serious medical need, for instance, if he or she fails to respond to a prisoner's request for help. Jett v. Penner, 439 F.3d 1091, 1098 (9th Cir. 2006). "It has long been clearly established that '[s]upervisory liability is imposed against a supervisory official in his individual capacity for his own culpable action or inaction in the training, supervision, or control of

his subordinates, for his acquiescence in the constitutional deprivations of which the complaint is made, or for conduct that showed a reckless or callous indifference to the rights of others.'" Preschooler II v. Davis, 479 F.3d 1175, 1183 (9th Cir. 2007) (citations omitted). Because Plaintiff's accusation against Defendant Jerry Brown, et al., are nothing more than conclusory, his claims of supervisor liability are DISMISSED with leave to amend.

**C.     Motion for Reconsideration**

Plaintiff has filed a motion for reconsideration of the Court's denial of his motion for appointment of counsel. (Docket No. 13.) The motion is DENIED as the Court finds unpersuasive Plaintiff's assertions that exceptional circumstances warrant appointment of counsel. See Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986).

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1.     The complaint is DISMISSED with leave to amend **within thirty (30) days** from the date this order is filed for Plaintiff to correct the deficiencies discussed above with respect to his claims based on events that occurred while he was incarcerated at SQSP. The amended complaint must include the caption and civil case number used in this order (11-02057 JF (PR)) and the words FIRST AMENDED COMPLAINT on the first page. **Because an amended complaint completely replaces the previous complaints, Plaintiff must include in his amended complaint all the claims he wishes to present and all of the defendants he wishes to sue. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the prior complaint by reference.**

Plaintiff's claims against officials at the other prisons, *i.e.*, CVSP, ASP, NKSP, and CIM, are DISMISSED without prejudice to filing in the appropriate district courts.

1 See 28 U.S.C. § 1406(a).

2     2.    It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so. Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

    The Clerk shall enclose two copies of the court's form complaint with a copy of this order to Plaintiff.

    This order terminates Docket No. 13.

    IT IS SO ORDERED.

DATED: 8/4/11

JEREMY FOGEL
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JASON M. PATTEN,

        Plaintiff,

v.

GOV. JERRY BROWN, et al.,

        Defendants.

        /

Case Number: CV11-02057 JF

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on  8/19/11  , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jason McCord Patten G-29284  
Avenal State Prison  
PO Box 900  
Building 230-2-53 Low  
Avenal, CA 93204

Dated:  8/19/11

                                         Richard W. Wieking, Clerk