IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JASON MCCORD PATTEN, | ) | No. C 11-2057 LHK (PR) |
| Plaintiff, | ) ) | ORDER OF SERVICE; DIRECTING DEFENDANTS TO FILE |
| v. | ) ) | DISPOSITIVE MOTION OR NOTICE REGARDING SUCH |
| JERRY BROWN, et al., | ) ) | MOTION; DENYING MOTION FOR APPOINTMENT OF COUNSEL |
| Defendants. | ) ) | |

Plaintiff, a state prisoner proceeding *pro se*, filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983. For the reasons stated below, the Court orders the Clerk to serve the amended complaint upon named Defendants.

**DISCUSSION**

A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police*

1  *Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

2  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
3  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
4  the alleged deprivation was committed by a person acting under the color of state law. *West v.*
5  *Atkins*, 487 U.S. 42, 48 (1988).

6  B.  Plaintiff's Claims

7  In his amended complaint, Plaintiff raises five federal causes of action and several state
8  law claims. First, he claims that Defendants Stone, Kiani, Kushner, Walker, Brown, Cate, and
9  John Does were deliberately indifferent to his serious medical needs, in violation of the Eighth
10 Amendment, for delaying or denying dental treatment. Second, he claims that Defendants
11 Jefferry, Upshaw, Cruzen, Wilson, Moore, Perez, Smith, Thompson, Saldana, Vasquez, Chaveri,
12 Baland, Brown, and Cate prevented him from accessing legal research materials at the law
13 library, and thus, denied him access to the courts because he was a "protective custody / special
14 needs yard" inmate. Plaintiff alleges that this not only violated his right to access the courts, but
15 also violated his right to equal protection. Third, Plaintiff alleges that Defendants Bowman,
16 Upshaw, Cruzen, Wilson, Rodesillas, Moore, Perez, Saldana, Vasquez, Chaveri, Baland, Brown,
17 and Cate, denied his right to free exercise and violated the RLUIPA by denying him access to
18 religious services between August 21, 2008 and April 2, 2009. Plaintiff also alleges that they
19 denied him equal protection because he was an inmate in the special needs yard. Fourth,
20 Plaintiff claims that Smith, Brown, and Cate violated his right to bodily privacy, right to be free
21 from unreasonable searches and seizures, and right to be free from cruel and unusual punishment
22 on April 2, 2009, when Smith ordered him to strip in front of female prison staff. Fifth, Plaintiff
23 argues that Defendants Upshaw, Cruzen, Wilson, Tobin, Perez, McNeil, Moore, Brown, Cate,
24 Rodesillas, Jefferry, and John Does retaliated against him for filing grievances. Liberally
25 construed, Plaintiff's allegations state cognizable claims for relief. The Court also exercises it
26 supplemental jurisdiction over Plaintiff's state law claims.
27 ///
28

Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding such Motion; Denying
Motion for Appointment of Counsel
P:\pro-se\sj.lhk\cr.11\Patten057srv       2

C. <u>Doe Defendants</u>

Plaintiff also names John Does as defendants in this action. Although the use of "John Doe" to identify a defendant is not favored in the Ninth Circuit, *see Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980), situations may arise where the identity of alleged defendants cannot be known prior to the filing of a complaint. In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover their identities or that the complaint should be dismissed on other grounds. *See id.* Accordingly, the Doe Defendants are DISMISSED without prejudice. Should Plaintiff discover their identities in a timely manner, he may move to add them to the complaint at a later date.

D. <u>Motion for Appointment of Counsel</u>

Plaintiff has requested appointment of counsel. Plaintiff's request is DENIED. The Court finds that Plaintiff has not demonstrated exceptional circumstances to warrant appointment of counsel. *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997); *see also Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981) (there is no constitutional right to counsel in a civil case). The issues in this case are not particularly complex, and Plaintiff has thus far been able to adequately present his claims. This denial is without prejudice to the Court's sua sponte appointment of counsel at a future date should the circumstances of this case warrant such appointment.

**CONCLUSION**

For the foregoing reasons, the court hereby orders as follows:

1. The Clerk shall issue a summons, and the United States Marshal shall serve, without prepayment of fees, copies of the amended complaint in this matter (docket no. 19), all attachments thereto, and copies of this Order on **Governor Jerry Brown** in **Sacramento; Warden Matthew Cate, Dr. C. Stone, Dr. F. Kiani, Dr. W. Kushner III, Chief J. Walker, M. Rodesillas, L. Bowman, D. Jefferry, C/O Upshaw (working at SQSP on September 24, 2008), C/O Cruzen (working at SQSP on October 14, 2008), C/O Wilson (working at SQSP**

1  on November 7, 2008), **C/O Sgt. McNeil (working at SQSP on February 19, 2009, C/O
2  Moore (working at SQSP on February 19, 2009), C/O Tobin (working at SQSP on March
3  6, 2009), C/O Perez (working at SQSP on March 24, 2009), C/O Smith (working at SQSP at
4  approximately 4:00 a.m. on April 2, 2009), C/O Ms. Thompson (who worked in the East
5  Block at SQSP between January 13, 2009 and April 2, 2009), C/O Saldana** at **SVSP (who
6  worked in the East Block at SQSP between January 13, 2009 and April 2, 2009), C/O
7  Vasquez (who worked in the East Block at SQSP between January 13, 2009 and April 2,
8  2009), C/O Chaveri (who worked in the East Block at SQSP between January 13, 2009 and
9  April 2, 2009),** and **C/O Baland (who worked in the East Block at SQSP between January
10  13, 2009 and April 2, 2009) at SQSP.**  The Clerk shall also serve a copy of this Order on
11  Plaintiff and mail a courtesy copy of the complaint to the California Attorney General's Office.
12     2.    No later than **ninety (90) days** from the date of this order, Defendants shall file a
13  motion for summary judgment or other dispositive motion with respect to the cognizable claims
14  in the complaint.
15        a.    If Defendants elect to file a motion to dismiss on the grounds that Plaintiff
16  failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a),
17  Defendants <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to *Wyatt v. Terhune*, 315
18  F.3d 1108, 1119-20 (9th Cir. 2003).
19        b.    Any motion for summary judgment shall be supported by adequate factual
20  documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil
21  Procedure.  **<u>Defendants are advised that summary judgment cannot be granted, nor
22  qualified immunity found, if material facts are in dispute.  If Defendants are of the opinion
23  that this case cannot be resolved by summary judgment, they shall so inform the Court
24  prior to the date the summary judgment motion is due.</u>**
25     3.    Plaintiff's opposition to the dispositive motion shall be filed with the Court and
26  served on Defendants no later than **thirty (30) days** from the date Defendants' motion is filed.
27        a.    In the event Defendants file an unenumerated motion to dismiss under
28

Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding such Motion; Denying
Motion for Appointment of Counsel
P:\pro-se\sj.lhk\cr.11\Patten057srv       4

Rule 12(b), Plaintiff is hereby cautioned as follows:[1]

>  The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies. The motion will, if granted, result in the dismissal of your case. When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims. If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

    b.    In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

>  The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
>  Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

*See Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff

---

[1] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). *See Wyatt v. Terhune*, 315 F.3d at 1120 n.14.

without a trial. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

4. Defendants <u>shall</u> file a reply brief no later than **fifteen (15) days** after Plaintiff's opposition is filed.

5. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

6. All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

7. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order is required before the parties may conduct discovery.

8. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court and all parties informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: 12/6/11

LUCY H. KOH
United States District Judge

Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding such Motion; Denying Motion for Appointment of Counsel
P:\pro-se\sj.lhk\cr.11\Patten057srv

6