1
2
3
4
5
6
7
8
9
10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

11  JASON MCCORD PATTEN,                        )   No. C 11-2057 LHK (PR)
                                                )
12            Plaintiff,                         )   ORDER OF SERVICE; DIRECTING
                                                )   DEFENDANTS TO FILE
13      v.                                       )   DISPOSITIVE MOTION OR
                                                )   NOTICE REGARDING SUCH
14  JERRY BROWN, et al.,                         )   MOTION; DENYING MOTION FOR
                                                )   APPOINTMENT OF COUNSEL
15            Defendants.                        )
    _____         )

16

17          Plaintiff, a state prisoner proceeding *pro se*, filed an amended civil rights complaint

18  pursuant to 42 U.S.C. § 1983.  For the reasons stated below, the Court orders the Clerk to serve

19  the amended complaint upon named Defendants.

20                                    **DISCUSSION**

21  A.      Standard of Review

22          A federal court must conduct a preliminary screening in any case in which a prisoner

23  seeks redress from a governmental entity or officer or employee of a governmental entity.  *See*

24  28 U.S.C. § 1915A(a).  In its review, the Court must identify any cognizable claims and dismiss

25  any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or

26  seek monetary relief from a defendant who is immune from such relief.  *See id.* § 1915A(b)(1),

27  (2).  *Pro se* pleadings must, however, be liberally construed.  *See Balistreri v. Pacifica Police*

28

Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding such Motion; Denying
Motion for Appointment of Counsel
P:\pro-se\sj.lhk\cr.11\Patten057srv

1    *Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

2           To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

3    (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that

4    the alleged deprivation was committed by a person acting under the color of state law.  *West v.*

5    *Atkins*, 487 U.S. 42, 48 (1988).

6    B.      Plaintiff's Claims

7           In his amended complaint, Plaintiff raises five federal causes of action and several state

8    law claims.  First, he claims that Defendants Stone, Kiani, Kushner, Walker, Brown, Cate, and

9    John Does were deliberately indifferent to his serious medical needs, in violation of the Eighth

10   Amendment, for delaying or denying dental treatment.  Second, he claims that Defendants

11   Jefferry, Upshaw, Cruzen, Wilson, Moore, Perez, Smith, Thompson, Saldana, Vasquez, Chaveri,

12   Baland, Brown, and Cate prevented him from accessing legal research materials at the law

13   library, and thus, denied him access to the courts because he was a "protective custody / special

14   needs yard" inmate.  Plaintiff alleges that this not only violated his right to access the courts, but

15   also violated his right to equal protection.  Third, Plaintiff alleges that Defendants Bowman,

16   Upshaw, Cruzen, Wilson, Rodesillas, Moore, Perez, Saldana, Vasquez, Chaveri, Baland, Brown,

17   and Cate, denied his right to free exercise and violated the RLUIPA by denying him access to

18   religious services between August 21, 2008 and April 2, 2009.  Plaintiff also alleges that they

19   denied him equal protection because he was an inmate in the special needs yard.  Fourth,

20   Plaintiff claims that Smith, Brown, and Cate violated his right to bodily privacy, right to be free

21   from unreasonable searches and seizures, and right to be free from cruel and unusual punishment

22   on April 2, 2009, when Smith ordered him to strip in front of female prison staff.  Fifth, Plaintiff

23   argues that Defendants Upshaw, Cruzen, Wilson, Tobin, Perez, McNeil, Moore, Brown, Cate,

24   Rodesillas, Jefferry, and John Does retaliated against him for filing grievances.  Liberally

25   construed, Plaintiff's allegations state cognizable claims for relief.  The Court also exercises it

26   supplemental jurisdiction over Plaintiff's state law claims.

27   ///

28

Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding such Motion; Denying
Motion for Appointment of Counsel
P:\pro-se\sj.lhk\cr.11\Patten057srv                    2

1    C.    Doe Defendants

2          Plaintiff also names John Does as defendants in this action. Although the use of "John

3    Doe" to identify a defendant is not favored in the Ninth Circuit, *see Gillespie v. Civiletti*, 629

4    F.2d 637, 642 (9th Cir. 1980), situations may arise where the identity of alleged defendants

5    cannot be known prior to the filing of a complaint.  In such circumstances, the plaintiff should be

6    given an opportunity through discovery to identify the unknown defendants, unless it is clear that

7    discovery would not uncover their identities or that the complaint should be dismissed on other

8    grounds.  *See id.*  Accordingly, the Doe Defendants are DISMISSED without prejudice.  Should

9    Plaintiff discover their identities in a timely manner, he may move to add them to the complaint

10   at a later date.

11   D.    Motion for Appointment of Counsel

12         Plaintiff has requested appointment of counsel.  Plaintiff's request is DENIED.  The

13   Court finds that Plaintiff has not demonstrated exceptional circumstances to warrant appointment

14   of counsel.  *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997); *see also Lassiter v.*

15   *Dep't of Social Services*, 452 U.S. 18, 25 (1981) (there is no constitutional right to counsel in a

16   civil case).  The issues in this case are not particularly complex, and Plaintiff has thus far been

17   able to adequately present his claims.  This denial is without prejudice to the Court's sua sponte

18   appointment of counsel at a future date should the circumstances of this case warrant such

19   appointment.

20                                    **CONCLUSION**

21         For the foregoing reasons, the court hereby orders as follows:

22         1.    The Clerk shall issue a summons, and the United States Marshal shall serve,

23   without prepayment of fees, copies of the amended complaint in this matter (docket no. 19), all

24   attachments thereto, and copies of this Order on  **Governor Jerry Brown** in **Sacramento;**

25   **Warden Matthew Cate, Dr. C. Stone, Dr. F. Kiani, Dr. W. Kushner III, Chief J. Walker,**

26   **M. Rodesillas, L. Bowman, D. Jefferry, C/O Upshaw (working at SQSP on September 24,**

27   **2008), C/O Cruzen (working at SQSP on October 14, 2008), C/O Wilson (working at SQSP**

28

Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding such Motion; Denying
Motion for Appointment of Counsel
P:\pro-se\sj.lhk\cr.11\Patten057srv                    3

1    **on November 7, 2008), C/O Sgt. McNeil (working at SQSP on February 19, 2009, C/O**

2    **Moore (working at SQSP on February 19, 2009), C/O Tobin (working at SQSP on March**

3    **6, 2009), C/O Perez (working at SQSP on March 24, 2009), C/O Smith (working at SQSP at**

4    **approximately 4:00 a.m. on April 2, 2009), C/O Ms. Thompson (who worked in the East**

5    **Block at SQSP between January 13, 2009 and April 2, 2009), C/O Saldana** at **SVSP (who**

6    **worked in the East Block at SQSP between January 13, 2009 and April 2, 2009), C/O**

7    **Vasquez (who worked in the East Block at SQSP between January 13, 2009 and April 2,**

8    **2009), C/O Chaveri (who worked in the East Block at SQSP between January 13, 2009 and**

9    **April 2, 2009), and C/O Baland (who worked in the East Block at SQSP between January**

10   **13, 2009 and April 2, 2009) at SQSP.**   The Clerk shall also serve a copy of this Order on

11   Plaintiff and mail a courtesy copy of the complaint to the California Attorney General's Office.

12           2.       No later than **ninety (90) days** from the date of this order, Defendants shall file a

13   motion for summary judgment or other dispositive motion with respect to the cognizable claims

14   in the complaint.

15                   a.       If Defendants elect to file a motion to dismiss on the grounds that Plaintiff

16   failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a),

17   Defendants <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to *Wyatt v. Terhune*, 315

18   F.3d 1108, 1119-20 (9th Cir. 2003).

19                   b.       Any motion for summary judgment shall be supported by adequate factual

20   documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil

21   Procedure.  **<u>Defendants are advised that summary judgment cannot be granted, nor</u>**

22   **<u>qualified immunity found, if material facts are in dispute.  If Defendants are of the opinion</u>**

23   **<u>that this case cannot be resolved by summary judgment, they shall so inform the Court</u>**

24   **<u>prior to the date the summary judgment motion is due.</u>**

25           3.       Plaintiff's opposition to the dispositive motion shall be filed with the Court and

26   served on Defendants no later than **thirty (30) days** from the date Defendants' motion is filed.

27                   a.       In the event Defendants file an unenumerated motion to dismiss under

28

---

Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding such Motion; Denying
Motion for Appointment of Counsel
P:\pro-se\sj.lhk\cr.11\Patten057srv                                              4

1    Rule 12(b), Plaintiff is hereby cautioned as follows:[1]

2            The defendants have made a motion to dismiss pursuant to Rule 12(b) of
     the Federal Rules of Civil Procedure, on the ground you have not exhausted your
3    administrative remedies.  The motion will, if granted, result in the dismissal of
     your case.  When a party you are suing makes a motion to dismiss for failure to
4    exhaust, and that motion is properly supported by declarations (or other sworn
     testimony) and/or documents, you may not simply rely on what your complaint
5    says.  Instead, you must set out specific facts in declarations, depositions, answers
     to interrogatories, or documents, that contradict the facts shown in the defendant's
6    declarations and documents and show that you have in fact exhausted your
     claims.  If you do not submit your own evidence in opposition, the motion to
7    dismiss, if appropriate, may be granted and the case dismissed.

8            b.      In the event Defendants file a motion for summary judgment, the

9    Ninth Circuit has held that the following notice should be given to plaintiffs:

10           The defendants have made a motion for summary judgment by which they
     seek to have your case dismissed.  A motion for summary judgment under Rule
11   56 of the Federal Rules of Civil Procedure will, if granted, end your case.

12           Rule 56 tells you what you must do in order to oppose a motion for
     summary judgment.  Generally, summary judgment must be granted when there is
13   no genuine issue of material fact--that is,  if there is no real dispute about any fact
     that would affect the result of your case, the party who asked for summary
14   judgment is entitled to judgment as a matter of law, which will end your case.
     When a party you are suing makes a motion for summary judgment that is
15   properly supported by declarations (or other sworn testimony), you cannot simply
     rely on what your complaint says.  Instead, you must set out specific facts in
16   declarations, depositions, answers to interrogatories, or authenticated documents,
     as provided in Rule 56(e), that contradict the facts shown in the defendants'
17   declarations and documents and show that there is a genuine issue of material fact
     for trial.  If you do not submit your own evidence in opposition, summary
18   judgment, if appropriate, may be entered against you.  If summary judgment is
     granted in favor of defendants, your case will be dismissed and there will be no
19   trial.

20   See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  Plaintiff is advised to read

21   Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317

22   (1986) (holding party opposing summary judgment must come forward with evidence showing

23   triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that

24   failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a

25   consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff

26   _____

27        [1] The following notice is adapted from the summary judgment notice to be given to pro se
     prisoners as set forth in Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  See
28   Wyatt v. Terhune, 315 F.3d at 1120 n.14.

     Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding such Motion; Denying
     Motion for Appointment of Counsel

1   without a trial.  *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); *Brydges v.*

2   *Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

3         4.      Defendants <u>shall</u> file a reply brief no later than **fifteen (15) days** after Plaintiff's

4   opposition is filed.

5         5.      The motion shall be deemed submitted as of the date the reply brief is due.  No

6   hearing will be held on the motion unless the Court so orders at a later date.

7         6.      All communications by the Plaintiff with the Court must be served on Defendants,

8   or Defendants' counsel once counsel has been designated, by mailing a true copy of the

9   document to Defendants or Defendants' counsel.

10        7.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure.

11  No further Court order is required before the parties may conduct discovery.

12        8.      It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court

13  and all parties informed of any change of address and must comply with the Court's orders in a

14  timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute

15  pursuant to Federal Rule of Civil Procedure 41(b).

16        IT IS SO ORDERED.

17  DATED: __12/6/11__

18                                  LUCY H. KOH
                                    United States District Judge

Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding such Motion; Denying
Motion for Appointment of Counsel
P:\pro-se\sj.lhk\cr.11\Patten057srv         6