1
2
3
4
5
6
7
8
9
10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

11 | JASON MCCORD PATTEN,                    )   No. C 11-2057 LHK (PR)
                                            )
12 |            Plaintiff,                   )   ORDER ADDRESSING PENDING
                                            )   MOTIONS; DISMISSAL WITH
13 |     v.                                  )   LEAVE TO AMEND
                                            )
14 | JERRY BROWN, et al.,                    )
                                            )
15 |            Defendants.                  )
   |_____      )
16

17          Plaintiff, a state prisoner proceeding *pro se*, filed an amended civil rights complaint

18 | pursuant to 42 U.S.C. § 1983.  Pending before the Court are Plaintiff's motion for default

19 | judgment, motion to have requests for admissions deemed admitted, and motion to supplement

20 | first amended complaint.  Also pending is Defendants' motion to dismiss.  The Court addresses

21 | these motions below.

22                                    **DISCUSSION**

23 | A.      Motion for Entry of Default Judgment

24          On December 6, 2011, the Court ordered service of summonses and a copy of the

25 | amended complaint upon over twenty Defendants.  (Docket No. 23.)  On December 12, 2011, the

26 | Clerk of the Court issued those summonses.  Between December 28, 2011, and January 13, 2012,

27 | summonses were returned executed on behalf of 11 Defendants.  The remaining summonses

28 | were returned unexecuted between January 13, 2012, and February 3, 2012.

Order Addressing Pending Motions; Dismissal with Leave to Amend
G:\PRO-SE\SJ.LHK\CR.11\Patten057mtdmisc.wpd

1    On February 16, 2012, Plaintiff filed a motion for default judgment. (Docket No. 69.) In

2    his motion, he argues that Defendant Matthew Cate was properly served on December 27, 2011,

3    and he presumes that the remaining Defendants were also properly served at approximately that

4    same time. Plaintiff requests that the Court enter a default judgment on every Defendant because

5    none of the Defendants had filed an answer.

6    Federal Rule of Civil Procedure 55(b)(2) provides for a Court ordered default judgment

7    *after* an entry of default under Federal Rule of Civil Procedure 55(a). *See Penpower Technology*

8    *Ltd. v. SPC Technology*, 627 F.Supp.2d 1083, 1088 (N.D. Cal. 2008) (emphasis added). Here,

9    Plaintiff never sought an entry of default, nor has one been entered by the Clerk of the Court.

10   *See* Fed. R. Civ. P. 55(a). Thus, Plaintiff's motion is DENIED.

11   Alternatively, even assuming that Plaintiff's motion is proper, the docket indicates that

12   the eleven Defendants, whose summonses were returned executed, have filed a waiver of reply,

13   pursuant to 42 U.S.C. § 1997e(g). More importantly, it is well-settled law that the grant or

14   denial of a motion for the entry of a default judgment is within the discretion of the district court.

15   *Lau Ah Yew v. Dulles*, 236 F.2d 415, 416 (9th Cir. 1956) (per curiam). In his motion, Plaintiff

16   failed to demonstrate any prejudice from the Defendants' delay in appearing in this action. *See*

17   *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986) (setting forth factors to be considered in

18   exercising discretion to enter default judgment); *see also Lau Ah Yew*, 236 F.2d at 416

19   (upholding denial of motion for entry of default judgment where answer was not timely).

20   Because Plaintiff does not explain how he was prejudiced because of Defendants' delay in

21   responding, and because the Court recognizes the policy that "[c]ases should be decided upon

22   their merits whenever reasonably possible," Plaintiff's motion for entry of a default judgment is

23   DENIED. *Eitel*, 782 F.2d at 1472.

24   B.    Motion to Have Requests for Admissions Deemed Admitted

25   On December 22, 2011, Plaintiff served "Requests for Admissions" to Defendant Cate.

26   (Docket. No. 71 at 2.) On December 28, 2011, Plaintiff served "Requests for Admissions" on

27   Defendants M. Rodesillas and W. Kushner, III. (*Id.*) Plaintiff asserts that, as of February 13,

28   2012, none of those Defendants had responded to his requests. Thus, according to Plaintiff, his

1  requests for admission should be deemed admitted, pursuant to Federal Rule of Civil Procedure

2  36.

3      Federal Rule of Civil Procedure 36(a)(1) states, in relevant part, "A party may serve on

4  any other party a written request to admit . . . ."  Here, at the time Plaintiff served his Requests

5  for Admissions, none of the aforementioned Defendants had been properly served, and thus was

6  not yet a party.  Defendant Cate's summons came back executed on December 27, 2011 – five

7  days after Plaintiff served the Request for Admissions upon him – and Defendant Cate requested

8  representation from the Attorney General's office on February 23, 2012.  Executed summonses

9  for Defendants Rodesillas and Kushner were not returned until January 2012 – also after Plaintiff

10 served the Requests for Admissions upon them, and before they requested representation.

11 Because Defendants were not "parties" at the time Plaintiff served these requests upon them, the

12 requests were premature.  Accordingly, Plaintiff's motion is DENIED.

13 C.    Motion to Dismiss

14      On March 5, 2012, Defendants filed a motion to dismiss on the grounds that the amended

15 complaint violates Federal Rule of Civil Procedure 12(b)(6), and also violates Federal Rules of

16 Civil Procedure 18(a) and 20(a).  Plaintiff filed a request for an extension of time to file his

17 opposition.  (Docket No. 88.)  Plaintiff's request is GRANTED.  Plaintiff's opposition, filed on

18 April 12, 2012, is deemed timely filed.  Defendants have filed a reply.

19      As an initial matter, Plaintiff repeatedly asserts that he has been prevented from accessing

20 the law library, and thus, prevented from conducting legal research, which he claims is necessary

21 to properly oppose Defendants' motion.  Specifically, Plaintiff argues that from March 21, 2012

22 through April 9, 2012, he was permitted access to the law library for a total of 75 minutes on

23 March 26, 2012.  (Docket No. 91 at 2.)  However, according to the law library records, Plaintiff

24 was granted "priority legal user" ("PLU") status between March 6, 2012 and April 6, 2012.

25 (Decl. S.L. DeLaCruz at ¶ 7.)  Inmates with PLU status are given priority to access the law

26 library twice a week.  (*Id.* at ¶ 3.)  The records reflected that Plaintiff attended legal-research

27 sessions on March 5, March 12, March 19, March 21, March 26, and April 9, 2012 for over 90

28 minutes each time.  (*Id.* at ¶ 8.)  To the extent Plaintiff wishes for more time in the law library,

1  he must file the appropriate requests with Avenal State Prison, where he is currently housed.

2  Further, despite Plaintiff's allegations that Defendants are interfering with his access to the law

3  library and his pursuit of litigation, none of the named Defendants in this action are affiliated

4  with Avenal State Prison.  Thus, it is inappropriate for this Court to resolve Plaintiff's allegations

5  that he is being prevented from accessing the law library.

6         In his amended complaint, Plaintiff raised five federal causes of action and several state

7  law claims.  First, he claimed that Defendants Stone, Kiani, Kushner, Walker, Brown, Cate, and

8  John Does were deliberately indifferent to his serious medical needs, in violation of the Eighth

9  Amendment, for delaying or denying dental treatment.  Second, he claimed that Defendants

10  Jefferry, Upshaw, Cruzen, Wilson, Moore, Perez, Smith, Thompson, Saldana, Vasquez, Chaveri,

11  Baland, Brown, and Cate prevented him from accessing legal research materials at the law

12  library, and thus, denied him access to the courts because he was a "protective custody/special

13  needs yard" inmate.  Plaintiff alleged that this not only violated his right to access the courts, but

14  also violated his right to equal protection.  Third, Plaintiff alleged that Defendants Bowman,

15  Upshaw, Cruzen, Wilson, Rodesillas, Moore, Perez, Saldana, Vasquez, Chaveri, Baland, Brown,

16  and Cate denied his right to free exercise of religion and violated the RLUIPA by denying him

17  access to religious services between August 21, 2008 and April 2, 2009.  Plaintiff also alleged

18  that they denied him equal protection because he was an inmate in the special needs yard.

19  Fourth, Plaintiff claims that Smith, Brown, and Cate violated his right to bodily privacy, right to

20  be free from unreasonable searches and seizures, and right to be free from cruel and unusual

21  punishment on April 2, 2009, when Smith ordered him to strip in front of female prison staff.

22  Fifth, Plaintiff argued that Defendants Upshaw, Cruzen, Wilson, Tobin, Perez, McNeil, Moore,

23  Brown, Cate, Rodesillas, Jefferry, and John Does retaliated against him for filing grievances.

24  Finally, Plaintiff alleged a variety of state law claims.

25         1.   <u>Failure to State a Claim</u>

26         A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests for the legal

27  sufficiency of the claims alleged in the complaint.  *Ileto v. Glock, Inc.*, 349 F.3d 1191,

28  1199-1200 (9th Cir. 2003).  To survive a motion to dismiss for failure to state a claim, a

1  complaint generally must satisfy only the minimal notice pleading requirements of Federal Rule

2  of Civil Procedure 8.

3      Rule 8(a)(2) requires only that the complaint include a "short and plain statement of the

4  claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Specific facts are

5  unnecessary - the statement need only give the defendant "fair notice of the claim and the

6  grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Bell Atlantic*

7  *Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  All allegations of material fact are taken as true.

8  *Id.* at 94.  However, a plaintiff's obligation to provide the grounds of his entitlement to relief

9  "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause

10  of action will not do." *Twombly*, 550 U.S. at 555 (citations and quotations omitted).  Rather, the

11  allegations in the complaint "must be enough to raise a right to relief above the speculative

12  level." *Id.*

13      A motion to dismiss should be granted if the complaint does not proffer enough facts to

14  state a claim for relief that is plausible on its face. *See id.* at 558-59.  In addition, when resolving

15  a motion to dismiss for failure to state a claim, the Court may not generally consider materials

16  outside the pleadings. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).  There are

17  several exceptions to this rule.  The Court may consider a matter that is properly the subject of

18  judicial notice, such as matters of public record. *Id.* at 689.  Additionally, the Court may

19  consider exhibits attached to the complaint, *see Hal Roach Studios, Inc. v. Richard Feiner &*

20  *Co., Inc.*, 896 F.2d 1542, 1555 n. 19 (9th Cir. 1989), and documents referenced by the complaint

21  and accepted by all parties as authentic. *See Van Buskirk v. Cable News Network, Inc.*, 284 F.3d

22  977, 980 (9th Cir. 2002).

23          a.    <u>Official Capacities</u>

24      Plaintiff sues Defendants in both their individual and official capacities.  However, the

25  Eleventh Amendment bars from the federal courts suits against a state by its own citizens,

26  citizens of another state or citizens, or subjects of any foreign state. *Atascadero State Hosp. v.*

27  *Scanlon*, 473 U.S. 234, 237-38 (1985).  This immunity also extends to suits against a state

28  agency, *see, e.g.*, *Brown v. Cal. Dep't of Corrs.*, 554 F.3d 747, 752 (9th Cir. 2009), and to state

1  officials sued in their official capacities, *see Kentucky v. Graham*, 473 U.S. 159, 169-70 (1985).

2  Thus, Defendants' motion to dismiss Plaintiff's claims against them in their officials capacities is

3  GRANTED.

4                   b.     <u>Supervisory Defendants</u>

5        Plaintiff sues Governor Jerry Brown and Secretary Matthew Cate as supervisors.

6  Specifically, for each claim, Plaintiff generally alleges that Defendants Brown and Cate were

7  aware of the alleged constitutional violations, were liable for failing to train or supervise

8  employees, and that it was common practice or policy for these Defendants to perform these

9  alleged constitutional violations.  (Am. Compl. at 14, 15, 19, 22, 24-25.)

10        Liability under § 1983 cannot be established solely on the basis of respondeat superior.

11  *Monell v. Dep't of Social Services of City of New York*, 436 U.S. 658, 690-94 (1978).  "A

12  supervisor is only liable for constitutional violations of his subordinates if the supervisor

13  participated in or directed the violations, or knew of the violations and failed to act to prevent

14  them."  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  "Vague and conclusory allegations

15  of official participation in civil rights violations are not sufficient to withstand a motion to

16  dismiss."  *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  Where

17  the allegations against supervisory officials are simply "bald" or "conclusory" because they "are

18  nothing more than a formulaic recitation of the elements," the allegations are "not entitled to be

19  assumed true."  *See Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009) (making distinction between

20  "conceivable" and "plausible").

21        Here, Plaintiff provides no facts sufficient to "state a claim for relief that is plausible on

22  its face" against Defendant Brown and Cate.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570

23  (2007).  Accordingly, Defendants' motion to dismiss Defendants Brown and Cate is GRANTED.

24  Because Plaintiff was previously given an opportunity to amend his supervisory claims after the

25  Court advised him that his initial allegations were merely conclusory, the Court finds that further

26  leave to amend would be futile.

27                   c.    <u>Denial of Access to Courts/Equal Protection</u>

28        In Plaintiff's amended complaint, he alleges that Defendants have consistently denied

1   him access to the law library to conduct legal research or to make copies, even after many

2   requests.  Defendants argue that Plaintiff's claim that he was denied access to the courts fails to

3   state a claim because he has failed to establish that he suffered an "actual injury."

4          To establish a claim for any violation of the right of access to the courts, a prisoner must

5   show he suffered an actual injury.  *See Lewis v. Casey*, 518 U.S. 343, 350-55 (1996).  To prove

6   an actual injury, the prisoner must show that an inadequacy in the prison's program or the

7   prison's active interference hindered his efforts to pursue a non-frivolous claim concerning his

8   conviction or conditions of confinement.  *See id.* at 354-55.

9          Plaintiff responds that he suffered an actual injury of losing "over a year of custody

10  credits – from [Plaintiff's] criminal conviction/plea bargain – as a result of [Plaintiff's] inability

11  to research and pursue the issue."  (Opp. at 9.)  Defendants argue that the Court already rejected

12  this allegation in Plaintiff's original complaint.  However, Plaintiff's allegation in his original

13  complaint was less vague – though not by much.  In *Hebbe v. Pliler*, the Ninth Circuit explained

14  that the "actual injury" requirement was meant to "provide such access to facilitate the prisoner's

15  pursuit of a certain type of frustrated legal claim, such as direct appeals from the convictions for

16  which he was incarcerated or actions under 42 U.S.C. § 1983 to vindicate basic constitutional

17  rights."  627 F.3d 338, 342-433 (9th Cir. 2010) (quoting *Lewis*, 518 U.S. at 354).  Here, liberally

18  construing Plaintiff's claim, he does not appear to be arguing that he needs library access to

19  "discover grievances," in order to litigate effectively, but that his lack of library access is

20  frustrating his attempt to research legal issues that he intended to bring to attack his conviction,

21  which is sufficient to allege an "actual injury."  *See id.*  Thus, Defendants' motion to dismiss

22  Plaintiff's claim that he was denied access to the courts is DENIED.

23         Plaintiff further claims that Defendants denied him equal protection because he was

24  prevented from accessing the law library because he was a Sensitive Needs Yard inmate, and all

25  non-Sensitive Needs Yard inmates get regular access to the law library.  In response, Defendants

26  assert that Plaintiff fails to state a claim because his allegations are conclusory.  A review of

27  Plaintiff amended complaint shows that indeed, his allegations are conclusory.  Rather than

28  provide facts, Plaintiff's claim simply mentions the elements of an equal protection claim rather

1   than containing sufficient allegations of the underlying facts such that they give fair notice to the

2   opposing party.  *See Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011); *see, e.g.*, *AE v. County*

3   *of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (applying *Starr* standard to pleading policy or

4   custom for claims against local government entities).  Thus, Defendants' motion to dismiss this

5   claim is GRANTED.  Plaintiff's equal protection claim is DISMISSED.  However, because

6   Plaintiff has not had the opportunity to amend this claim, and it is factually possible for Plaintiff

7   to amend the complaint so as to cure the deficiency, *Schmier v. United States Court of Appeals*,

8   279 F.3d 817, 824 (9th Cir. 2002), the dismissal is with LEAVE TO AMEND if Plaintiff

9   believes he can do so in good faith.

10                    d.    Strip search

11          In his amended complaint, Plaintiff claims that Defendant Smith forced Plaintiff to

12   endure a strip search in front of several females.  Plaintiff asserts that Defendant Smith did this

13   to degrade and humiliate Plaintiff.  Defendants argue that, under the PLRA, Plaintiff fails to state

14   a claim because Plaintiff failed to allege any physical injury.

15          "No Federal civil action may be brought by a prisoner confined in a jail, prison or other

16   correctional facility for mental or emotional injury suffered while in custody without a prior

17   showing of physical injury."  42 U.S.C. § 1997e(e).  However, section 1997e(e) applies only to

18   claims for mental or emotional injury.  *Oliver v. Keller*, 289 F.3d 623, 629 (9th Cir. 2002).

19   Section 1997e(e) does not bar claims for nominal and punitive damages, or for the injunctive

20   relief plaintiff demands.  *See id.* at 629-30.  The fact that Plaintiff did not allege any physical

21   injury as a result of the strip-search may make his claims of very little financial value, but does

22   not make the claim non-existent.  Thus, Defendants' motion to dismiss this claim is DENIED.

23                    e.    State law claims[1]

24          Defendants claim that Plaintiff failed to comply with California's Tort Claims Act.

25   Pursuant to the California Tort Claims Act ("CTCA"), Cal. Gov't Code §§ 900 *et seq.*, a

26   personal injury claim against a public employee must be filed with the California Victim

27

28
   _____

         [1]  Defendants' request for judicial notice is granted.  (Docket No. 83.)

1   Compensation and Government Claims Board ("Board") within six months after the date of the

2   event that gave rise to the claim.  Cal. Gov't Code § 911.2(a).  Compliance with the CTCA filing

3   requirement is mandatory; failure to file a claim within the requisite time period is a bar to future

4   tort suits.  *Hernandez v. McClanahan*, 996 F.Supp. 975, 977 (N.D. Cal. 1998).

5         Here, Plaintiff's claims against Defendants occurred between August 21, 2008 and April

6   2, 2009.  Thus, Plaintiff was required to file his claim with the Board no later than October 2,

7   2009 – six months after the last day any claim may have accrued.  Plaintiff submitted his tort

8   claims to the Board on August 17, 2010, approximately ten months after the deadline.  (Req. for

9   Jud. Notice at 4.)

10        Plaintiff argues that his claims were not untimely because the Board accepted and

11  rejected his claims, rather than dismissed them as untimely.  However, the Board had sent a

12  letter to Plaintiff, informing him that his claim was "being accepted only to the extent it asserts

13  allegations that arise from facts or events that occurred during the six months prior to the date it

14  was presented." (*Id.*)  In the same letter, the Board indicated that, because of the complexity of

15  Plaintiff's claims, it believed that the Court system was the appropriate forum for resolving

16  them.  (*Id.*)  On October 28, 2010, the Board sent Plaintiff a letter informing him that his claims

17  had been rejected on October 21, 2010.  (*Id.* at 3.)

18        Because Plaintiff filed his claims with the Board on August 17, 2010, it is only timely for

19  causes of actions based on facts or events which occurred up to six months prior to that date, i.e.,

20  on or after February 17, 2010.  Further, Plaintiff's claims were only accepted for the allegations

21  occurring with the previous six months.  (*Id.* at 4.)  Here, as stated above, Plaintiff's claims

22  against named Defendants in this federal action occurred sometime between August 21, 2008

23  and April 2, 2009 – over six months prior to the date Plaintiff filed his claim with the Board.

24  Thus, the Board did not accept those claims, and Plaintiff's state law claims are barred by the

25  filing requirements of the CTCA.  *See Hernandez*, 996 F.Supp. at 977.  Defendants' motion to

26  dismiss Plaintiff's state law claims is GRANTED.

27        2.    Joinder of Claims/Defendants

28        Defendants argue that Plaintiff's amended complaint violates Federal Rules of Civil

1   Procedure 18(a) and 20(a) because it improperly joins claims and Defendants.  Under Rule 20 of

2   the Federal Rules of Civil Procedure, a plaintiff may join any persons as defendants if: (1) any

3   right to relief asserted against the defendants relates to or arises out of the same transaction,

4   occurrence, or series of transactions or occurrences; and (2) there is at least one question of law

5   or fact common to all the defendants.  Fed. R. Civ. P. 20(a); *Coughlin v. Rogers*, 130 F.3d 1348,

6   1351 (9th Cir. 1997).  Once a defendant is properly joined under Rule 20, the plaintiff may join,

7   as independent or alternative claims, as many claims as he has against that defendant,

8   irrespective of whether those additional claims also satisfy Rule 20.  *See* Fed. R. Civ. P. 18(a);

9   *Intercon Research Assoc., Ltd. v. Dresser Indus. Inc.*, 696 F.2d 53, 57 (7th Cir. 1982) ("[J]oinder

10  of claims under Rule 18 becomes relevant only after the requirements of Rule 20 relating to

11  joinder of parties has been met with respect to the party against whom the claim is sought to be

12  asserted; the threshold question, then, is whether joinder of [a defendant] as a party was proper

13  under Rule 20(a).").

14      The "same transaction" requirement in Rule 20 refers to "similarity in the factual

15  background of a claim; claims that arise out of a systematic pattern of events" and have a "very

16  definite logical relationship" arise out of the same transaction and occurrence.  *Bautista v. Los*

17  *Angeles County*, 216 F.3d 837, 842-843 (9th Cir. 2000) (Reinhardt, J., concurring) (quoting

18  *Coughlin*, 130 F.3d at 1350 and *Union Paving Co. v. Downer Corp.*, 276 F.2d 468, 470 (9th Cir.

19  1960)).  In addition, "the mere fact that all [of a plaintiff's] claims arise under the same general

20  law does not necessarily establish a common question of law or fact."  *Coughlin*, 130 F.3d at

21  1351.  Claims "involv[ing] different legal issues, standards, and procedures" do not involve

22  common factual or legal questions.  *Id.*

23      In Plaintiff's amended complaint, the Court found cognizable five different federal

24  claims involving separate incidents and distinct sets of Defendants.  For example, in Claim 1,

25  Plaintiff alleges Defendants Stone, Kiani, Kushner, and Walker denied him dental needs.  In

26  Claim 2, Plaintiff alleges that Defendants Jefferry, Upshaw, Cruzen, Wilson, Moore, Perez,

27  Smith, Thompson, Saldana, Vasquez, Chaveri, Baland prevented him from accessing the law

28  library.  In Claim 3, Plaintiff asserts that Defendants Bowman, Upshaw, Cruzen, Wilson,

1    Rodesillas, Moore, Perez, Saldana, Vasquez, Chaveri, and Baland denied him access to religious

2    services.  In Claim 4, Plaintiff claims that Defendant Smith subjected him to a non-emergency

3    strip search in front of female individuals.  In Claim 5, Plaintiff argues that Defendants Upshaw,

4    Cruzen, Wilson, Tobin, Perez, McNeil, Moore, Rodesillas, and Jefferry retaliated against him.

5            Unrelated claims that involve different defendants must be brought in separate lawsuits.

6    *See George*, 507 F.3d at 607.  This rule is not only intended to avoid confusion that arises out of

7    bloated lawsuits, but also to ensure that prisoners pay the required filing fees for their lawsuits

8    and prevent prisoners from circumventing the three strikes rule under the Prison Litigation

9    Reform Act.[2]  28 U.S.C. § 1915(g).

10           Plaintiff's amended complaint does not meet the requirements of Rules 18(a) and 20(a),

11   and, therefore, Defendants' motion to dismiss for misjoinder is GRANTED.  Plaintiff's amended

12   complaint is DISMISSED.

13           Plaintiff, however, is granted leave to file a second amended complaint that cures the

14   noted pleading deficiencies.  In particular, Plaintiff may file either: (1) a complaint that brings

15   one or more claims against one Defendant, as set forth in Rule 18(a), or (2) a complaint that

16   brings one or more claims against multiple Defendants, but only if those Defendants can be

17   properly joined under Rule 20(a)(2).  In order to bring multiple claims in a single lawsuit,

18   plaintiff must demonstrate that the Federal Rules of Civil Procedure permit the claims to be

19   brought in a single lawsuit.  Plaintiff must demonstrate how his right to relief arose out of the

20   same "transaction, occurrence, or series of transactions."  Plaintiff may, if he so chooses, file a

21   separate action or actions raising the claims that he does not include in any amended complaint

22   he files in the instant action.  **Any further attempt to raise unrelated claims against different**

23   **defendants in a single lawsuit may result in all claims being dismissed.  Should Plaintiff fail**

24   **to comply with this order, the action will be dismissed without prejudice.**

25           In light of the dismissal of Plaintiff's amended complaint with leave to amend, Plaintiff's

26

27   ─────────────────

28   [2]  The Prison Litigation Reform Act allows prisoners to file complaints without
     prepayment of the filing fee unless they have previously filed three frivolous suits as a prisoner.
     28 U.S.C. § 1915(a),(g).

1    motion to supplement that amended complaint is DENIED as moot.

2    D.    Motion for Reconsideration of Appointment of Counsel

3         Plaintiff has requested reconsideration of his request for appointment of counsel.

4    Plaintiff's request is DENIED.  Plaintiff has not shown any changed circumstances from the

5    Court's previous orders denying appointment of counsel on June 16, 2011, August 19, 2011, and

6    December 6, 2011.

7                                   **CONCLUSION**

8         For the foregoing reasons, the court hereby orders as follows:

9         1.    Plaintiff's motion for entry of default is DENIED.  Plaintiff's motion to have his

10   requests for admissions admitted is DENIED.

11        2.    Defendants' motion to dismiss for failure to state a claim is GRANTED in part

12   and DENIED in part.  Plaintiff's claims against Defendants in their official capacities are

13   DISMISSED.  Defendants Brown and Cate are DISMISSED.  Plaintiff's claim that he was

14   denied equal protection is DISMISSED with leave to amend.  Plaintiff's state law claims are

15   DISMISSED.

16        3.    Defendants' motion to dismiss for misjoinder is GRANTED.  Plaintiff's amended

17   complaint is DISMISSED with leave to amend.  Plaintiff's motion to supplement his amended

18   complaint is DENIED as moot.

19        4.    Plaintiff's motion for reconsideration and appointment of counsel is DENIED.

20        5.    Plaintiff shall file a SECOND AMENDED COMPLAINT within **thirty days**

21   from the date this order is filed to cure the deficiencies described above.  The amended

22   complaint must include the caption and civil case number used in this order (C 11-2057 LHK

23   (PR)) and the words SECOND AMENDED COMPLAINT on the first page.  Plaintiff may not

24   incorporate material from the prior complaint by reference.  **Failure to file a second amended**

25   **complaint within thirty days, and in accordance with this order will result in dismissal of**

26   **this action.**

27        6.    Plaintiff is advised that an amended complaint supersedes the original complaint.

28   "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged

1  in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).

2  Defendants not named in an amended complaint are no longer defendants. *See Ferdik v.*

3  *Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

4          7.      It is the Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the

5  Court informed of any change of address by filing a separate paper with the clerk headed "Notice

6  of Change of Address," and must comply with the Court's orders in a timely fashion.  Failure to

7  do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule

8  of Civil Procedure 41(b).

9          This order terminates docket numbers 46, 69, 70, 71, 79, 88, and 89.

10         IT IS SO ORDERED.

11 DATED: ___5/10/12___

12                                          LUCY H. KOH
                                            United States District Judge