IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JASON MCCORD PATTEN, | ) | No. C 11-2057 LHK (PR) |
| Plaintiff, | ) ) | ORDER OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; DENYING MOTION TO APPOINT COUNSEL |
| v. | ) ) ) | |
| DR. C. STONE, et al., | ) ) | |
| Defendants. | ) ) | (Docket No. 104) |

Plaintiff, a state prisoner proceeding *pro se*, filed a second amended civil rights complaint ("SAC") pursuant to 42 U.S.C. § 1983 challenging the conditions of his confinement at San Quentin State Prison ("SQSP"). For the reasons stated below, the Court orders the SAC served upon named Defendants.

**DISCUSSION**

A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),

Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion; Denying Motion to Appoint Counsel
G:\PRO-SE\SJ.LHK\CR.11\Patten057srv2.wpd

(2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B.     Plaintiff's Claims

Plaintiff claims that on August 21, 2008, Plaintiff arrived at San Quentin State Prison. (SAC at 3.) That day, Plaintiff informed the California Correctional Health Care Services and Defendant Dr. C. Stone of his immediate need for dental treatment because Plaintiff was recently diagnosed with five cavities which caused him pain. (*Id.*) Around September 24, 2008, one of Plaintiff's teeth broke while eating. (*Id.* at 4.) Plaintiff informed Defendant Correctional Officer R. Upshaw and requested treatment. (*Id.*) Upshaw responded with laughter, tore up Plaintiff's bible and threw it away, and ordered Plaintiff back to his cell. (*Id.*) Plaintiff filed a request for dental care and treatment but received no response. (*Id.*) Around October 29, 2008, Plaintiff filed an administrative grievance complaining about the lack of dental care. (*Id.*)

Around November 20, 2008, Plaintiff spoke with Defendant Dr. Kiani about his lack of dental treatment. (*Id.*) Dr. Kiani suggested that Plaintiff submit another health care request form and promised that Plaintiff would be scheduled for treatment. (*Id.*) On November 26, 2008, Plaintiff was taken for one x-ray of his teeth, signed some papers, and then was sent back to his cell after being told that he would be treated soon. (*Id.* at 5.) Around December 21, 2008, another one of Plaintiff's teeth broke. (*Id.*) Plaintiff was refused medical and dental treatment. (*Id.*) A few days later, Plaintiff was told that his dental appointment was "scheduled very soon." (*Id.*)

From August 21, 2008 through April 2, 2009, Plaintiff did not receive any dental treatment despite having cavities and broken teeth. Liberally construed, Plaintiff's SAC is sufficient to state a cognizable claim that Defendants violated his Eighth Amendment rights.

Plaintiff also alleges that Defendants violated the amended stipulation entered into by the California Department of Corrections in the class action suit of *Perez v. Tilton*, No. C 05-5241 JSW (N.D. Cal. filed 2005). However, this fails to state a claim for a violation of Plaintiff's federal rights. The violation of consent decrees, settlements, or injunctions in other cases does not provide liability in this action. *See Frost v. Symington*, 197 F.3d 348, 353 (9th Cir. 1999) (where litigant seeks enforcement of consent decree, litigant must proceed through class counsel in the action in which consent decree entered); *Coleman v. Wilson*, 912 F.Supp. 1282, 1294 (E.D. Cal. 1995) (same). Additionally, paragraph 11 of the stipulation entered into in *Perez* specifically states that "[n]othing in this Stipulation shall be construed to require more of Defendants than is required under the Eighth Amendment." Thus, the Court DISMISSES this claim. Should Plaintiff wish to dispute that the California Department of Corrections is not satisfying its obligations under the Eighth Amendment under *Perez*, he may utilize the dispute resolution procedures in paragraphs 36-38 of the stipulated agreement. *Perez*, No. C 05-5241 JSW (N.D. Cal.) (stipulated agreement filed August 21, 2006).

Finally, Plaintiff also names the California Correctional Health Care Services as a Defendant. However, the Eleventh Amendment bars from the federal courts suits against a state by its own citizens, citizens of another state or citizens or subjects of any foreign state. *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 237-38 (1985). Because this Eleventh Amendment immunity also extends to suits against a state agency, *see, e.g.*, *Brown v. Cal. Dep't of Corrs.*, 554 F.3d 747, 752 (9th Cir. 2009) (California Department of Corrections entitled to Eleventh Amendment immunity), the California Correctional Health Care Services is immune from suit under the Eleventh Amendment Accordingly, the California Correctional Health Care Services is DISMISSED with prejudice.

C. <u>Motion for Appointment of Counsel</u>

Plaintiff has filed a fifth request for appointment of counsel. The Court DENIES Plaintiff's motion for the reasons stated in the Court's orders on June 16, 2011, August 19, 2011, December 6, 2011, and May 11, 2012.

Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion; Denying Motion to Appoint Counsel
G:\PRO-SE\SJ.LHK\CR.11\Patten057srv2.wpd

3


# CONCLUSION

For the foregoing reasons, the court hereby orders as follows:

1. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the second amended complaint and all attachments thereto (docket no. 102), and a copy of this Order to **Dr. C. Stone, DDS, Dr. F. Kiani, DDS, Dr. W. Kushner III, DDS, and Correctional Officer R. Upshaw** at **SQSP**, and **J. Walker, Chief of the Office of Third Level Appeals** at the **California Prison Health Care Services** in **Sacramento, CA.** The Clerk shall DISMISS M. Rodesillas, L. Bowman, D. Jefferry, Correctional Officer Cruzen, Correctional Officer Wilson, Sergeant McNeil, Correctional Officer Moore, Correctional Officer Tobin, Correctional Officer Perez, Correctional Officer Smith, Correctional Officer Thompson, Correctional Officer Saldana, Correctional Officer Vasquez, Correctional Officer Chaveri, and Correctional Officer Baland.

The Clerk of the Court shall also mail a courtesy copy of the second amended complaint and a copy of this Order to the California Attorney General's Office. Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

2. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the bottom of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before

Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion; Denying Motion to Appoint Counsel
G:\PRO-SE\SJ.LHK\CR.11\Patten057srv2.wpd

Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

      3.      No later than **ninety (90) days** from the date of this order, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the cognizable claim in the complaint.

          a.      If Defendants elect to file a motion to dismiss on the grounds that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendants <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003).

          b.      Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. **Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due.**

      4.      Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed. Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).

      5.      Defendants <u>shall</u> file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

      6.      The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

      7.      All communications by the Plaintiff with the Court must be served on Defendants

Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion; Denying Motion to Appoint Counsel
G:\PRO-SE\SJ.LHK\CR.11\Patten057srv2.wpd

5

or Defendants' counsel, by mailing a true copy of the document to Defendants or Defendants' counsel.

       8.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order is required before the parties may conduct discovery.

       9.     It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court and all parties informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: 10/4/12

LUCY H. KOH
United States District Judge