IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON MCCORD PATTEN, | No. C 11-2057 LHK (PR) |
| Plaintiff, | ORDER DIRECTING PLAINTIFF TO PROVIDE COURT WITH MORE INFORMATION FOR DEFENDANT DR. C. STONE |
| v. | |
| DR. C. STONE, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding *pro se*, filed a second amended civil rights complaint ("SAC") pursuant to 42 U.S.C. § 1983 challenging the conditions of his confinement at San Quentin State Prison. (Doc. No. 102.) On October 5, 2012, the Court ordered service of Plaintiff's SAC upon the named Defendants. (Doc. No. 107.)[1] On October 17, 2012, Notices of Lawsuit and Requests for Waiver of Service of Summons were mailed to the named Defendants. The documents were unable to be delivered to Defendant Doctor C. Stone because "he no longer works for the California Department of Corrections and Rehabilitation." (Doc. No. 114-1.)

Here, service was attempted by waiver pursuant to Fed. R. Civ. P. 4(d) to avoid the unnecessary cost and time of formal personal service of process pursuant to Fed. R. Civ. P. 4(c). The Rule 4(d) waiver provision does not discharge a plaintiff's obligation to complete service of

---

[1] Plaintiff had previously been granted leave to proceed *in forma pauperis*. (Doc. No. 16.)

Order Directing Plaintiff to Provide Court with More Information for Defendant Dr. C. Stone
G:\PRO-SE\SJ.LHK\CR.11\Patten057moreinfo.wpd

process. If a waiver is not returned, the plaintiff must then proceed with formal service of process in accordance with Rule 4(e). A plaintiff who is incarcerated and proceeding *in forma pauperis* may rely on service by the Marshal. Fed. R. Civ. P. 4(c)(3). However, both rules require the plaintiff to provide current and accurate locate information for defendants. Fed. R. Civ. P. 4(d)(1)(A)(i); 4(e)(2). Here, the issuance of a summons is futile given that a current and accurate location at which to serve Defendant Stone is unknown.

A plaintiff "may not remain silent and do nothing to effectuate [4(e)] service"; rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). Plaintiff's SAC has been pending for over 120 days, and thus, absent a showing of "good cause," is subject to dismissal without prejudice. *See* Fed. R. Civ. P. 4(m).

Because Plaintiff has not provided sufficient information to allow the Marshal to locate and serve Defendant Doctor C. Stone, Plaintiff must remedy the situation or face dismissal of his claims against this defendant without prejudice. *See Walker v. Sumner*, 14 F.3d 1415, 1421-22 (9th Cir. 1994) (holding prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) where prisoner failed to show he had provided Marshal with sufficient information to effectuate service). Accordingly, Plaintiff must provide the Court with an accurate current location for this Defendant such that the Marshal is able to effect service. If Plaintiff fails to provide the Court with an accurate current location for Defendant Doctor C. Stone within **thirty (30) days** of the date this order is filed, Plaintiff's claims against this Defendant will be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATED:  1/31/13

LUCY H. KOH
United States District Judge

Order Directing Plaintiff to Provide Court with More Information for Defendant Dr. C. Stone
G:\PRO-SE\SJ.LHK\CR.11\Patten057moreinfo.wpd