FILED

JUN 10 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON MCCORD PATTEN,<br><br>    Plaintiff,<br><br>v.<br><br>DR. F. KIANI, et al.,<br><br>    Defendants. | No. C 11-2057 LHK (PR)<br><br>ORDER DENYING MOTION TO DISMISS; DENYING MOTION FOR RECONSIDERATION; FURTHER SCHEDULING ORDER<br><br>(Docket Nos. 134, 149) |

Plaintiff, a state prisoner proceeding *pro se*, filed a second civil rights complaint pursuant to 42 U.S.C. § 1983 alleging that prison officials at San Quentin State Prison ("SQSP") were deliberately indifferent to his serious medical needs. Defendants have filed a motion to dismiss for failure to state a claim. Plaintiff has filed an opposition and supplemental opposition, and Defendants have filed a reply. Plaintiff has also filed a motion for reconsideration regarding the dismissal of Defendant Dr. Stone. For the reasons stated below, Defendants' motion is DENIED, and Plaintiff's motion is DENIED.

I.    Motion to Dismiss

Defendants have moved to dismiss Plaintiff's second amended complaint for failure to state a claim. In his second amended complaint, Plaintiff states that, upon his arrival at SQSP on August 21, 2008, Plaintiff informed unserved Defendant Dr. Stone about his immediate need for dental treatment. Plaintiff claims that, despite requests for treatment, even after breaking several more teeth during his incarceration at SQSP, Plaintiff did not receive any dental treatment for the seven and a half months he was housed at SQSP.

Order Denying Motion to Dismiss; Denying Motion for Reconsideration; Further Scheduling Order
G:\PRO-SE\LHK\CR.11\Patten057mtd12.wpd

### A. Legal Standard

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In considering whether the complaint is sufficient to state a claim, the Court must accept as true all of the factual allegations contained in the complaint. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). However, the Court need not accept as true "allegations that contradict matters properly subject to judicial notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *St. Clare v. Gilead Scis., Inc. (In re Gilead Scis. Sec. Litig.)*, 536 F.3d 1049, 1055 (9th Cir. 2008). While a complaint need not allege detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to '"state a claim to relief that is plausible on its face."'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. The Court "must accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and must construe pro se pleadings liberally, *Hebbe v. Pliler*, 611 F.3d 1202, 1205 (9th Cir. 2010).

In ruling on a Rule 12(b)(6) motion, the Court may not consider any material outside the complaint but may consider exhibits attached thereto. *See Arpin v. Santa Clara Valley Transportation Agency*, 261 F.3d 912, 925 (9th Cir. 2001); Fed. R. Civ. P. 10(c) (treating exhibits attached to complaint as part of complaint for purposes of ruling on 12(b)(6) motion). Federal courts are particularly liberal in construing allegations made in *pro se* civil rights complaints. *See Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002). Further, the Court must give a *pro se* litigant leave to amend his complaint "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

### B. Analysis

Defendants move to dismiss the complaint for failure to state a claim. Defendants argue that, at most, Plaintiff has merely alleged a difference of opinion as to the proper medical

treatment, or a claim of negligence. Neither a difference of opinion nor negligence are sufficient to state a claim of deliberate indifference. Defendants also assert that they are entitled to qualified immunity.

Defendants' motion seeks to have the Court revisit the Court's previous decision that the second amended complaint did state a claim upon which relief may be granted. On October 5, 2012, the Court performed an initial screening of the complaint under 28 U.S.C. § 1915A, which requires the Court to dismiss, among other things, any claims that "fail to state a claim upon which relief may be granted." The Court determined that, liberally construed, the allegations of the complaint adequately pleaded a cognizable Eighth Amendment claim.

To seek reconsideration of an interlocutory order, such as the previous order's determination that the complaint stated a claim upon which relief may be granted, Defendants had to comply with Local Rule 7-9(a). They did not. Moreover, they did not show: (1) that at the time of the motion for leave, a material difference in fact or law existed from that which was presented to the Court before entry of the order for which the reconsideration is sought, and that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the order; (2) the emergence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the Court to consider material facts which were presented to the Court before such interlocutory order. *See* N.D. Cal. Civil L.R. 7-9(b). Even without the special requirements for motions to reconsider, Defendants have the challenge that a motion to dismiss following a Section 1915A screening of a prisoner complaint rarely will be successful, especially in light of the requirement that *pro se* complaints be liberally construed. *See Hebbe*, 627 F.3d at 342 (even after Supreme Court cases heightened the standards for pleading, the Court's obligation "remains, 'where the petitioner is *pro se*, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt.'").

Although Defendants' Rule 12(b)(6) motion to dismiss improperly requests reconsideration of an earlier order, the Court also finds none of the arguments therein persuasive on the merits.

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds*, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *McGuckin*, 974 F.2d at 1059. A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *Id.* (citing *Estelle*, 429 U.S. at 104). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 835, 837 (1994).

Defendants argue that Plaintiff's allegations against them stem from their responses to his administrative appeals, and, as such, do not state a claim against them. Defendants cite to *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003), and *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988), to support their argument. However, those cases only state that the administrative appeals process does not create a protected liberty interest and have no substantive right to a prison grievance system. *Ramirez* and *Mann* do not stand for the proposition that allegations concerning individuals involved with the administrative appeals process can never be held liable for their actions.

Defendants also argue that Plaintiff fails to demonstrate that any Defendant acted with deliberate indifference. Taking Plaintiff's allegations as true, as the Court is required to do, Plaintiff claims that, in general, the Defendants knew that Plaintiff was experiencing pain, knew that Plaintiff needed dental care and treatment, and failed to take reasonable steps to abate his suffering. Certainly, liberally construing Plaintiff's second amended complaint, an inference can be made that Defendants were aware of Plaintiff's serious medical need yet purposely failed to act.

The Court also rejects Defendants' argument that they are entitled to qualified immunity. The qualified immunity inquiry is separate from the constitutional inquiry for a claim of

deliberate indifference under the Eighth Amendment. *Estate of Ford v. Caden*, 301 F.3d 1043, 1053 (9th Cir. 2002). A determination that there is a triable issue of fact as to whether defendants were deliberately indifferent does not necessarily preclude a finding of qualified immunity. *Id.* For a qualified immunity analysis, the Court need not determine whether the facts alleged show that Defendants acted with deliberate indifference. *See Osolinski v. Kane*, 92 F.3d 934, 936 (9th Cir. 1996). Rather, the Court need only review the relevant law to determine whether, in light of clearly established principles at the time of the incident, the officials could have reasonably believed their conduct was lawful. *See id.* at 939 (granting qualified immunity on Eighth Amendment safety claim because reasonable prison official could have reasonably believed that defendants' conduct, as alleged, did not violate Eighth Amendment). Liberally construing Plaintiff's second amended complaint, it is possible that Defendants intentionally denied or delayed treatment to Plaintiff despite Plaintiff's requests. Defendants do not show why, if this was the case, it would not have been clear to them that they were violating Plaintiff's rights.

Defendant's motion to dismiss is DENIED.

II. Motion for Reconsideration

Plaintiff requests that the Court reconsider its March 21, 2013 order dismissing Defendant Dr. Stone under Federal Rule of Civil Procedure 4(m). Plaintiff argues that he has discovered Defendant Dr. Stone's full name to be "Dr. Charles Frank Stone," and requests that the Marshal's office locate Defendant Dr. Stone for service.

However, if the Marshal is unable to effectuate service through no fault of his own, e.g., because a plaintiff failed to provide sufficient information or because the defendant is not where plaintiff claims, and the plaintiff is informed, a plaintiff must seek to remedy the situation or face dismissal. *See Walker v. Sumner*, 14 F.3d 1415, 1421-22 (9th Cir. 1994) (prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) because prisoner did not prove that he provided marshal with sufficient information to serve official or that he requested that official be served). That is what happened in this case. The Marshal is under no affirmative duty to locate unserved Defendants without sufficient location information. Plaintiff's motion

for reconsideration is DENIED.

Nonetheless, in the interest of justice, the Litigation Coordinator at SQSP is requested to provide within **thirty days** of the filing date of this order, a forwarding address of Dr. Charles Frank Stone, DDS, or notice that such information is not available. The Clerk of the Court shall forward a copy of this order to the Litigation Coordinator at SQSP. If the Litigation Coordinator has a forwarding address, the Court will direct the Marshal to serve Dr. Stone at that address.

## CONCLUSION

Accordingly, Defendants' motion to dismiss is DENIED. Plaintiff's motion for reconsideration is DENIED.

The Clerk of the Court shall forward a copy of this order to the Litigation Coordinator at SQSP.

No later than **sixty (60) days** from the date of this order, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the cognizable claims in the complaint. If Defendants elect to file a motion to dismiss on the grounds that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendants shall do so in an unenumerated Rule 12(b) motion pursuant to *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003). Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed. Defendants shall file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

IT IS SO ORDERED.

DATED: 6/10/13

LUCY H. KOH
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JASON M. PATTEN,

        Plaintiff,

v.

JERRY BROWN et al,

        Defendant.

Case Number: CV11-02057 LHK

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 10, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jason McCord Patten G-29284
Avenal State Prison
PO Box 900
Building 230-2-23-2 Low
Avenal, CA 93204

Prison Coordinator at SQSP
Avenal State Prison
PO Box 900
Building 230-2-23-2 Low
Avenal, CA 93204

Dated: June 10, 2013

                                          Richard W. Wieking, Clerk

                                          *Elizabeth C Garcia*
                                          By: Elizabeth Garcia, Deputy Clerk