1

2

3                                                     **FILED**

4

5                                                     JUN 1 0 2013

6                                                     RICHARD W. WIEKING
                                                      CLERK, U.S. DISTRICT COURT
                                                      NORTHERN DISTRICT OF CALIFORNIA

7                              IN THE UNITED STATES DISTRICT COURT

8                        FOR THE NORTHERN DISTRICT OF CALIFORNIA

9    JASON MCCORD PATTEN,                    )    No. C 11-2057 LHK (PR)
                                             )
10             Plaintiff,                    )    ORDER DENYING MOTION TO
                                             )    DISMISS; DENYING MOTION
11   v.                                      )    FOR RECONSIDERATION;
                                             )    FURTHER SCHEDULING
12                                           )    ORDER
     DR. F. KIANI, et al.,                   )
13                                           )
               Defendants.                   )    (Docket Nos. 134, 149)
14   _____)

15        Plaintiff, a state prisoner proceeding *pro se*, filed a second civil rights complaint pursuant

16   to 42 U.S.C. § 1983 alleging that prison officials at San Quentin State Prison ("SQSP") were

17   deliberately indifferent to his serious medical needs. Defendants have filed a motion to dismiss

18   for failure to state a claim. Plaintiff has filed an opposition and supplemental opposition, and

19   Defendants have filed a reply. Plaintiff has also filed a motion for reconsideration regarding the

20   dismissal of Defendant Dr. Stone. For the reasons stated below, Defendants' motion is

21   DENIED, and Plaintiff's motion is DENIED.

22   I.        Motion to Dismiss

23        Defendants have moved to dismiss Plaintiff's second amended complaint for failure to

24   state a claim. In his second amended complaint, Plaintiff states that, upon his arrival at SQSP on

25   August 21, 2008, Plaintiff informed unserved Defendant Dr. Stone about his immediate need for

26   dental treatment. Plaintiff claims that, despite requests for treatment, even after breaking several

27   more teeth during his incarceration at SQSP, Plaintiff did not receive any dental treatment for the

28   seven and a half months he was housed at SQSP.

Order Denying Motion to Dismiss; Denying Motion for Reconsideration; Further Scheduling Order
G:\PRO-SE\LHK\CR.11\Patten057mtd12.wpd

1    A.    Legal Standard

2       A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal

3    sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In considering

4    whether the complaint is sufficient to state a claim, the Court must accept as true all of the

5    factual allegations contained in the complaint. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

6    However, the Court need not accept as true "allegations that contradict matters properly subject

7    to judicial notice or by exhibit" or "allegations that are merely conclusory, unwarranted

8    deductions of fact, or unreasonable inferences." *St. Clare v. Gilead Scis., Inc. (In re Gilead Scis.*

9    *Sec. Litig.)*, 536 F.3d 1049, 1055 (9th Cir. 2008). While a complaint need not allege detailed

10   factual allegations, it "must contain sufficient factual matter, accepted as true, to "'state a claim

11   to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Bell Atlantic Corp. v.*

12   *Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to

13   draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*,

14   129 S. Ct. at 1949. The Court "must accept as true all of the factual allegations contained in the

15   complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and must construe pro se pleadings

16   liberally, *Hebbe v. Pliler*, 611 F.3d 1202, 1205 (9th Cir. 2010).

17      In ruling on a Rule 12(b)(6) motion, the Court may not consider any material outside the

18   complaint but may consider exhibits attached thereto. *See Arpin v. Santa Clara Valley*

19   *Transportation Agency*, 261 F.3d 912, 925 (9th Cir. 2001); Fed. R. Civ. P. 10(c) (treating

20   exhibits attached to complaint as part of complaint for purposes of ruling on 12(b)(6) motion).

21   Federal courts are particularly liberal in construing allegations made in *pro se* civil rights

22   complaints. *See Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002). Further, the Court must

23   give a *pro se* litigant leave to amend his complaint "unless it determines that the pleading could

24   not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th

25   Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

26      B.    Analysis

27      Defendants move to dismiss the complaint for failure to state a claim. Defendants argue

28   that, at most, Plaintiff has merely alleged a difference of opinion as to the proper medical

1  treatment, or a claim of negligence.  Neither a difference of opinion nor negligence are sufficient

2  to state a claim of deliberate indifference.  Defendants also assert that they are entitled to

3  qualified immunity.

4      Defendants' motion seeks to have the Court revisit the Court's previous decision that the

5  second amended complaint did state a claim upon which relief may be granted.  On October 5,

6  2012, the Court performed an initial screening of the complaint under 28 U.S.C. § 1915A, which

7  requires the Court to dismiss, among other things, any claims that "fail to state a claim upon

8  which relief may be granted."  The Court determined that, liberally construed, the allegations of

9  the complaint adequately pleaded a cognizable Eighth Amendment claim.

10      To seek reconsideration of an interlocutory order, such as the previous order's

11  determination that the complaint stated a claim upon which relief may be granted, Defendants

12  had to comply with Local Rule 7-9(a).  They did not.  Moreover, they did not show: (1) that at

13  the time of the motion for leave, a material difference in fact or law existed from that which was

14  presented to the Court before entry of the order for which the reconsideration is sought, and that

15  in the exercise of reasonable diligence the party applying for reconsideration did not know such

16  fact or law at the time of the order;  (2) the emergence of new material facts or a change of law

17  occurring after the time of such order; or (3) a manifest failure by the Court to consider material

18  facts which were presented to the Court before such interlocutory order.  *See* N.D. Cal. Civil

19  L.R. 7-9(b).  Even without the special requirements for motions to reconsider, Defendants have

20  the challenge that a motion to dismiss following a Section 1915A screening of a prisoner

21  complaint rarely will be successful, especially in light of the requirement that *pro se* complaints

22  be liberally construed.  *See Hebbe*, 627 F.3d at 342 (even after Supreme Court cases heightened

23  the standards for pleading, the Court's obligation "remains, 'where the petitioner is *pro se*,

24  particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner

25  the benefit of any doubt.'").

26      Although Defendants' Rule 12(b)(6) motion to dismiss improperly requests

27  reconsideration of an earlier order, the Court also finds none of the arguments therein persuasive

28  on the merits.

Order Denying Motion to Dismiss; Denying Motion for Reconsideration; Further Scheduling Order
G:\PRO-SE\LHK\CR.11\Patten057mtd12.wpd           3

1      Deliberate indifference to serious medical needs violates the Eighth Amendment's

2   proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976);

3   *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX*

4   *Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  A determination of

5   "deliberate indifference" involves an examination of two elements: the seriousness of the

6   prisoner's medical need and the nature of the defendant's response to that need. *McGuckin*, 974

7   F.2d at 1059.  A "serious" medical need exists if the failure to treat a prisoner's condition could

8   result in further significant injury or the "unnecessary and wanton infliction of pain." *Id.* (citing

9   *Estelle*, 429 U.S. at 104).  A prison official is deliberately indifferent if he knows that a prisoner

10  faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps

11  to abate it.  *Farmer v. Brennan*, 511 U.S. 835, 837 (1994).

12      Defendants argue that Plaintiff's allegations against them stem from their responses to his

13  administrative appeals, and, as such, do not state a claim against them.  Defendants cite to

14  *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003), and *Mann v. Adams*, 855 F.2d 639, 640

15  (9th Cir. 1988), to support their argument.  However, those cases only state that the

16  administrative appeals process does not create a protected liberty interest and have no

17  substantive right to a prison grievance system. *Ramirez* and *Mann* do not stand for the

18  proposition that allegations concerning individuals involved with the administrative appeals

19  process can never be held liable for their actions.

20      Defendants also argue that Plaintiff fails to demonstrate that any Defendant acted with

21  deliberate indifference.  Taking Plaintiff's allegations as true, as the Court is required to do,

22  Plaintiff claims that, in general, the Defendants knew that Plaintiff was experiencing pain, knew

23  that Plaintiff needed dental care and treatment, and failed to take reasonable steps to abate his

24  suffering.  Certainly, liberally construing Plaintiff's second amended complaint, an inference can

25  be made that Defendants were aware of Plaintiff's serious medical need yet purposely failed to

26  act.

27      The Court also rejects Defendants' argument that they are entitled to qualified immunity.

28  The qualified immunity inquiry is separate from the constitutional inquiry for a claim of

Order Denying Motion to Dismiss; Denying Motion for Reconsideration; Further Scheduling Order
G:\PRO-SE\LHK\CR.11\Patten057mtd12.wpd          4

1    deliberate indifference under the Eighth Amendment. *Estate of Ford v. Caden*, 301 F.3d 1043,

2    1053 (9th Cir. 2002). A determination that there is a triable issue of fact as to whether

3    defendants were deliberately indifferent does not necessarily preclude a finding of qualified

4    immunity. *Id.* For a qualified immunity analysis, the Court need not determine whether the

5    facts alleged show that Defendants acted with deliberate indifference. *See Osolinski v. Kane*, 92

6    F.3d 934, 936 (9th Cir. 1996). Rather, the Court need only review the relevant law to determine

7    whether, in light of clearly established principles at the time of the incident, the officials could

8    have reasonably believed their conduct was lawful. *See id.* at 939 (granting qualified immunity

9    on Eighth Amendment safety claim because reasonable prison official could have reasonably

10    believed that defendants' conduct, as alleged, did not violate Eighth Amendment). Liberally

11    construing Plaintiff's second amended complaint, it is possible that Defendants intentionally

12    denied or delayed treatment to Plaintiff despite Plaintiff's requests. Defendants do not show

13    why, if this was the case, it would not have been clear to them that they were violating Plaintiff's

14    rights.

15        Defendant's motion to dismiss is DENIED.

16    II.     Motion for Reconsideration

17        Plaintiff requests that the Court reconsider its March 21, 2013 order dismissing

18    Defendant Dr. Stone under Federal Rule of Civil Procedure 4(m). Plaintiff argues that he has

19    discovered Defendant Dr. Stone's full name to be "Dr. Charles Frank Stone," and requests that

20    the Marshal's office locate Defendant Dr. Stone for service.

21        However, if the Marshal is unable to effectuate service through no fault of his own, e.g.,

22    because a plaintiff failed to provide sufficient information or because the defendant is not where

23    plaintiff claims, and the plaintiff is informed, a plaintiff must seek to remedy the situation or face

24    dismissal. *See Walker v. Sumner*, 14 F.3d 1415, 1421-22 (9th Cir. 1994) (prisoner failed to show

25    cause why prison official should not be dismissed under Rule 4(m) because prisoner did not

26    prove that he provided marshal with sufficient information to serve official or that he requested

27    that official be served). That is what happened in this case. The Marshal is under no affirmative

28    duty to locate unserved Defendants without sufficient location information. Plaintiff's motion

1 for reconsideration is DENIED.

2       Nonetheless, in the interest of justice, the Litigation Coordinator at SQSP is requested to

3 provide within **thirty days** of the filing date of this order, a forwarding address of Dr. Charles

4 Frank Stone, DDS, or notice that such information is not available. The Clerk of the Court shall

5 forward a copy of this order to the Litigation Coordinator at SQSP. If the Litigation Coordinator

6 has a forwarding address, the Court will direct the Marshal to serve Dr. Stone at that address.

7                                    **CONCLUSION**

8       Accordingly, Defendants' motion to dismiss is DENIED. Plaintiff's motion for

9 reconsideration is DENIED.

10       The Clerk of the Court shall forward a copy of this order to the Litigation Coordinator at

11 SQSP.

12       No later than **sixty (60) days** from the date of this order, Defendants shall file a motion

13 for summary judgment or other dispositive motion with respect to the cognizable claims in the

14 complaint. If Defendants elect to file a motion to dismiss on the grounds that Plaintiff failed to

15 exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendants

16 shall do so in an unenumerated Rule 12(b) motion pursuant to *Wyatt v. Terhune*, 315 F.3d 1108,

17 1119-20 (9th Cir. 2003). Plaintiff's opposition to the dispositive motion shall be filed with the

18 Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants'

19 motion is filed. Defendants shall file a reply brief no later than **fourteen (14) days** after

20 Plaintiff's opposition is filed.

21       IT IS SO ORDERED.

22 DATED: 6/10/13

23                                  LUCY H. KOH
                                 United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA


JASON M. PATTEN,

                Plaintiff,

   v.

JERRY BROWN et al,

                Defendant.

Case Number: CV11-02057 LHK

**CERTIFICATE OF SERVICE**


I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 10, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


Jason McCord Patten G-29284
Avenal State Prison
PO Box 900
Building 230-2-23-2 Low
Avenal, CA 93204


Prison Coordinator at SQSP
Avenal State Prison
PO Box 900
Building 230-2-23-2 Low
Avenal, CA 93204


Dated: June 10, 2013

Richard W. Wieking, Clerk

By: Elizabeth Garcia, Deputy Clerk