1
2
3
4
5
6
7
8
9
10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

11  JASON MCCORD PATTEN,            )   No. C 11-2057 LHK (PR)
                                    )
12           Plaintiff,             )   ORDER VACATING ORDER
                                    )   DISMISSING DEFENDANT DR.
13      v.                          )   C. STONE; ORDER OF SERVICE
                                    )
14                                  )
    DR. C. STONE, et al.,           )
15                                  )
             Defendants.            )
16  _____)

17      Plaintiff, a state prisoner proceeding *pro se*, filed a second amended civil rights

18  complaint ("SAC") pursuant to 42 U.S.C. § 1983.  The Court ordered service of Plaintiff's SAC

19  upon the named Defendants.  (Docket No. 107.)  A Notice of Lawsuit and a Request for Waiver

20  of Service of Summons were mailed to Defendant Dr. C. Stone.  (Docket No. 108.)  The

21  documents were unable to be delivered to Defendant Dr. C. Stone because "he no longer works

22  for the California Department of Corrections and Rehabilitation."  (Docket No. 114-1.)  Because

23  Plaintiff failed to submit new or additional information about the location of Defendant Dr. C.

24  Stone, said Defendant was dismissed.  (Docket No. 147.)

25      Plaintiff has now filed additional information regarding unserved Defendant Dr. C.

26  Stone.  (Docket No. 156.)  Plaintiff informs the Court that Defendant Dr. C. Stone is also known

27  as Dr. Charles Frank Stone, D.D.S., Lic. #22111.  (*Id*., at p. 2.)  Plaintiff further indicates that his

28

Order Vacating Order Dismissing Defendant Dr. C. Stone; Order of Service
G:\PRO-SE\LHK\CR.11\Patten057reinstate-serv_Stone.wpd

1  sources indicate that Dr. Charles Frank Stone is employed at San Quentin State Prison.  Plaintiff
2  further provides Dr. Stone's private residence address at 6121 Castle Drive in Oakland,
3  California 94311.
4    In the interest of justice, the Court **VACATES** the Order dismissing Defendant Dr. C.
5  Stone.  (Docket No. 147.)  Defendant Dr. C. Stone shall be served at the private residence
6  address provided by Plaintiff.
7    For the foregoing reasons, the Court hereby orders as follows:
8    1. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of
9  Service of Summons, two copies of the Waiver of Service of Summons, a copy of the SAC and
10  all attachments thereto (docket no. 102), a copy of the Court's order filed October 15, 2012
11  (docket no. 107), and a copy of this Order to **Dr. Charles Frank Stone, DDS** at 6121 Castle
12  Drive, Oakland, CA 94611.
13    2. The Clerk of the Court shall also mail a courtesy copy of this Order to **Deputy**
14  **Attorney General Adriano Hrvatin** at 455 Golden Gate Avenue, Suite 11000, San Francisco,
15  CA 94102, and to the **Litigation Coordinator** at San Quentin State Prison, San Quentin, CA
16  94964.
17    3. Defendant Stone is cautioned that Rule 4 of the Federal Rules of Civil Procedure
18  requires them to cooperate in saving unnecessary costs of service of the summons and complaint.
19  Pursuant to Rule 4, if Defendant, after being notified of this action and asked by the Court, on
20  behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear
21  the cost of such service unless good cause is shown for their failure to sign and return the waiver
22  form.  If service is waived, this action will proceed as if Defendant had been served on the date
23  that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendant will not be required
24  to serve and file an answer before **<u>sixty (60) days</u>** from the date on which the request for waiver
25  was sent.  (This allows a longer time to respond than would be required if formal service of
26  summons is necessary.)  Defendant is asked to read the statement set forth at the bottom of the
27  waiver form that more completely describes the duties of the parties with regard to waiver of
28

Order Vacating Order Dismissing Defendant Dr. C. Stone; Order of Service
G:\PRO-SE\LHK\CR.11\Patten057reinstate-serv_Stone.wpd

1  service of the summons.  If service is waived after the date provided in the Notice but before
2  Defendant has been personally served, the Answer shall be due **sixty (60) days** from the date on
3  which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed,
4  whichever is later.

5      4.    No later than **ninety (90) days** from the date of this order, Defendant shall file a
6  motion for summary judgment or other dispositive motion with respect to the cognizable claim
7  in the complaint.

8          a.    If Defendant elects to file a motion to dismiss on the grounds that Plaintiff
9  failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a),
10 Defendant shall do so in an unenumerated Rule 12(b) motion pursuant to *Wyatt v. Terhune*, 315
11 F.3d 1108, 1119-20 (9th Cir. 2003).

12         b.    Any motion for summary judgment shall be supported by adequate factual
13 documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil
14 Procedure.  **Defendant is advised that summary judgment cannot be granted, nor qualified**
15 **immunity found, if material facts are in dispute.  If Defendant is of the opinion that this**
16 **case cannot be resolved by summary judgment, he shall so inform the Court prior to the**
17 **date the summary judgment motion is due.**

18     5.    Plaintiff's opposition to the dispositive motion shall be filed with the Court and
19 served on Defendant no later than **twenty-eight (28) days** from the date Defendant's motion is
20 filed.  Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and
21 *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must
22 come forward with evidence showing triable issues of material fact on every essential element of
23 his claim).

24     6.    Defendant shall file a reply brief no later than **fourteen (14) days** after Plaintiff's
25 opposition is filed.

26     7.    The motion shall be deemed submitted as of the date the reply brief is due.  No
27 hearing will be held on the motion unless the Court so orders at a later date.

28

Order Vacating Order Dismissing Defendant Dr. C. Stone; Order of Service
G:\PRO-SE\LHK\CR.11\Patten057reinstate-serv_Stone.wpd

1    8.    All communications by the Plaintiff with the Court must be served on Defendant or Defendant's counsel, by mailing a true copy of the document to Defendants or Defendants' counsel.

9.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order is required before the parties may conduct discovery.

10.    It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court and all parties informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED:  7/29/13

_____
LUCY H. KOH
United States District Judge